IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00341-CR

 

Debbie McRAE Barton,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 380th District Court

Collin County, Texas

Trial Court # 380-81112-02

 



MEMORANDUM 
Opinion



 








        This is an appeal of a conviction for forgery by
check.  See Tex. Penal Code Ann.
§ 32.21(b) (Vernon 2003).  We will
affirm.

1.    Factual Sufficiency of the Evidence.  In Appellant’s first issue, she contends that
the evidence was factually insufficient. 
Appellant points out that neither the forged check nor a carbon copy
were introduced, that there was no handwriting expert testimony, and that she
did not forge any other checks made to her by the victim.  The victim testified as to the amount of the
check as made, and the altered amount on the check as passed.  Appellant admitted to passing the check.  Even though the altered amount of the check
would have paid the victim’s debt for legal fees to Appellant in full,
Appellant accepted and cashed another check from the victim for legal fees the
next month.  Viewing the evidence in a
neutral light, and giving due deference to the trial court’s credibility
determinations, the court was rationally justified in finding beyond a
reasonable doubt that Appellant committed forgery.  See
Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004); Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We overrule Appellant’s first issue.

2.    Legal Sufficiency of the Evidence.  In Appellant’s second issue, she contends
that the evidence was legally insufficient. 
Viewing the evidence in the light most favorable to the prosecution, a
rational factfinder could have found beyond a reasonable doubt that Appellant
committed forgery.  See Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Herrin v. State, 125 S.W.3d 436, 439 (Tex. Crim. App. 2002).  We overrule Appellant’s second issue.

3.    Specific Intent.  In her third issue, Appellant contends that
she could not have had the specific intent to defraud the victim, since the
victim owed her child support arrearages. 
Appellant need not have had the specific intent to defraud the maker of
the check, but only that passing the check was, in its nature, calculated to
injure or defraud, for example, the financial institution to which she passed
the check.  See Tex. Code Crim. Proc.
Ann. art. 38.19 (Vernon 1979).  We overrule
Appellant’s third issue.




      Having
overruled Appellant’s issues, we affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Opinion
delivered and filed September 15, 2004

Affirmed

Do
not publish

[CR25]